The Honorable Jim Wood State Senate State Capitol Building Little Rock, Arkansas 72201
Dear Senator Wood:
This letter is in response to your request for an official opinion regarding two procedures the town of Diaz is currently employing. This request is in reference to the letter you received from Ms. Nancy L. Smith, a copy of which is attached hereto.
Your first question asks if a municipality can provide its volunteer firemen with a monthly deduction in utility services billings. Ark. Stat. Ann. 19-916 specifically forbids any municipal official or employee from receiving or accepting any water, gas, electric current or other article or service without paying for such at the same rate and in the same manner as the general public. Further, Ark. Stat. Ann. 19-917 makes it unlawful for any municipal officer or employee to furnish or give any person any service from any public utility owned or operated by the municipality unless payment therefor is made to the municipality at the usual and regular rates in the usual manner.
The only provisions of law from which volunteers are specifically exempt are all provisions relative to State employment, hours of work, return or compensation, leave time and employee benefits. See Ark. Stat. Ann. 12-3703(B) and, more generally, the State and Local Government Volunteers Act, Ark. Stat. Ann. 12-3701 et seq. Therefore, under both Ark. Stat. Ann. 19-916 and 19-917, volunteer firemen and municipal officials may not receive or accept free utility service.
Your second question asks whether a lessee as opposed to landowner may be charged for sewer connection or construction. For promotion of public health, Ark. Stat. Ann. 19-4125 empowers a city's Board of Health to require property owners to connect to the city's sewer system. And, Ark. Stat. Ann. 19-4126 allows the city Board of Health to place a lien on property on which the owner has refused or failed to construct or connect to the sewer system. However, Ark. Stat. Ann. 19-4113 (Repl. 1980), as amended in 1985, allows the city council, by ordinance, to establish and maintain a reasonable rate for the use of the city's sewer system. These charges are to be paid by each user. The 1985 Amendment to the statute was enacted specifically because the General Assembly found it inequitable to require landowners to be liable for sewerage system charges incurred by the landowner's tenants and lessees. See Section 3 of Acts 1985, No. 290. It therefore appears by virtue of Ark. Stat. Ann. 19-4113, as amended, that the city may, if authorized properly by ordinance, require tenants rather than landowners to pay usage fees for the city's sewerage system.
The foregoing opinion, which I hereby approve, was prepared by Rhonda K. Hill, Assistant Attorney General.
Attachment to Opinion No. 87-12
January 4, 1987 3509 Abbott Drive Newport, AR 72118 523-5541
Senator Jim Wood State Capitol Building Little Rock, AR
Dear Mr. Wood:
I am writing this letter to request your help in a situation that concerns our local government in Diaz.
Many people are actively seeking to change the "closed door" policy which best describes our present city government. This movement increased in momentum in the November 4 election when for the first time the mayor, recorder-treasurer, and three councilmen faced opposition for their offices.
Although none of our people were elected, we ran strong, close races, and we have a very positive outlook to the future. The strong bond between the city government and Mr. Bill Alexander that shows so openly near election time is only one of the many situations that expresses the personal attitudes and will of the city government instead of the people.
During the next two years, we hope to have the election poll relocated to a more neutral place. This will hopefully end or hinder the "city ran" elections and will return this privilege to the people where it rightfully belongs. None of this will be accomplished easily, but it will be accomplished — by hard work and one step at a time!
The first step has already taken form since many of the procedures and actions of the city government are now being questioned and researched. It is vital to our effort that we have "outside" opinions on some of the matters in question.
I am enclosing a letter and other materials that I mailed to Attorney General Steve Clark on December 9, 1986. The materials are self-explanatory and will help you to understand the situations described. As of this date, I have received no reply from his office.
I have been advised that as a state senator you will be able to get the information from his office that we have requested. We ask for no action other than the legal interpretation of the laws in question. If you have access to this information or if you will refer us to the proper channel, your advice and assistance will be greatly appreciated.
Thank you for your help in this matter. I will look forward to your reply soon.
 Respectfully yours, Nancy L. Smith
Enclosures
Second Attachment to Opinion No. 87-12
December 6, 1986 3509 Abbott Drive Newport, AR 72112
State Attorney General Steve Clark State Capitol Building Little Rock, AR
Dear Mr. Clark:
At the present time there are two situations involving the city government of Diaz that appear to be in conflict with the state laws. Diaz is a city of the 2nd class.
Many Diaz citizens are interested in working for a more legal and stable foundation within our city government. Therefore, it is vital to our effort that we have a fair and accurate interpretation of the law in relation to the situations set forth in this letter. Your help and advice in this matter is needed and will be greatly appreciated.
In the December meeting it was brought to the attention of the city council that a $25.00 deduction being given to the volunteer firemen is in possible violation of the state law which prohibits the city from giving free utility services to persons, concerns or corporations.
The deduction is currently being given to the firemen on their monthly water bills within the city's water system by deducting the first $25.00 off their monthly bills. In some instances, a $25.00 deduction would not only cover the actual water usage but also overlap into a $4.50 garbage rate and a sewer rate. These rates are also collected on the water bill. The city operates its own water and sewer systems and will operate its own garbage collection after January 1987.
The city attorney has stated that he can find nothing legal or illegal about the deduction being taken out of the water system. The Arkansas state law does not seem to indicate this to be correct. Please interpret the effect of the state law in relation to the situation I have described above. (AS 19-917)
Also, Arkansas state law (AS 19-916; Sec. 1, Act 230 of 1919) prohibits any city official or city employee from receiving free utility services. The mayor, some city council members, and some city employees presently receive this deduction because they are volunteer firemen.
I am aware that volunteer firemen can serve on the city council and receive compensation for both positions. For example, the Diaz fire chief serves as an alderman and receives compensation for both positions. This point is not in question.
Will you please interpret the laws (AS 19-916, AS 19-918) in regard to our situation? Can the city water company allow this deduction to the firemen, and can the city officials and city employees who are firemen receive this type of free utility service?
The second situation involves the city charging monthly sewer rates to city residents who are not receiving the services of the sewer system. The charges are being made against people who rent houses that have not been connected to the sewer system by the property owner. They simply rent the houses and do not own them.
The sewer system has been in operation about eight months. The city is working with the property owner in an effort to have the houses connected to the sewer system, however; the city continues to charge the renters for services the renters are not receiving. The state laws regarding sewer connection refer to the property owners' obligation to connect. Are the renters liable in any manner for these services that they are not receiving?
I have referred to the Municipal League Handbook to research these situations. For your convenience, copies of the related materials are enclosed. Again, your help in this matter will be greatly appreciated. I await your quick reply.
 Respectfully yours, Nancy L. Smith
Enclosures Diaz resident